UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN VICTOR LLEWELLYN,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    No. 3:19-cv-489 (KAD) |
| RICHARD GASPARINO, et al.,<br>    *Defendants*. | :<br>:<br>:    May 24, 2019 |

## INITIAL REVIEW ORDER

On April 2, 2019, the Plaintiff, Kevin LLewellyn, a prisoner currently confined at the Cheshire Correctional Institution in Connecticut, brought a civil action *pro se* under 42 U.S.C. § 1983 against four Stamford police officers, Richard Gasparino, Officer Bloomberg, Officer Jentz, and John Doe, stemming from his arrest on April 2, 2016. The Plaintiff is suing the Defendants for false arrest and unlawful search, in violation of the Fourth Amendment. He seeks damages and declaratory relief. On May 21, 2019, Magistrate Judge William I. Garfinkel granted the Plaintiff's motion to proceed *in forma pauperis*. *See* Order No. 10. For the following reasons, the Plaintiff's complaint is dismissed in part.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a Defendant who is immune from such relief. Although detailed allegations are not required, the complaint must include sufficient facts to afford the Defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell*

*Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

**Allegations**

On April 2, 2016, the Plaintiff was walking down Spurce Street in Stamford towards his apartment when he heard a noise coming from behind him. When he looked back, he saw a police cruiser drive up onto the sidewalk and park behind him. Thinking nothing of it, the Plaintiff turned back and continued on his path.

When he reached his apartment building, the Plaintiff heard someone yell, "Hey! Stop!" He turned around again and realized that it was Officer Gasparino commanding him to stop. The Plaintiff told Gasparino that he "didn't do anything," to which Gasparino responded, "You're walking away." The Plaintiff told him that he was walking home, which was not a crime, and asked to be left alone. He then turned back and attempted to walk inside his building. At that moment, Gasparino approached the Plaintiff from behind, grabbed his shoulder, and yanked him back. The Plaintiff turned and said, "You illegally seized me! What's your name and badge number?" Gasparino covered his nametag with his hand, and when the Plaintiff attempted to pull out his cell

phone to record the encounter, Gasparino grabbed it and put it in his pocket. The Plaintiff then tried to enter his building, but Gasparino blocked his path.

During the encounter with Gasparino, there were other men from the neighborhood standing down the street and witnessing the arrest. A short time later, Officer Bloomberg arrived and handcuffed the Plaintiff. Gasparino then searched the Plaintiff, confiscated the items in his pockets, and placed him in Bloomberg's police cruiser. Bloomberg sat in the car with the Plaintifff while Gasparino ran a check on the Plaintiff through the police database.

While he sat in the car, the Plaintiff saw Gasparino approached the group of men on the street who were witnessing the arrest. When he returned, Gasparino had a small amount of marijuana in his hand and said to the Plaintiff, "This is yours." The Plaintiff protested that the marijuana did not belong to him, and Gasparino replied, "It's yours now because of your big mouth." Gasparino approached the group of men once more and then removed the Plaintiff from the car and searched him again. During the second search, Gasparino saw the Plaintiff looking at his nametag and said, "You're interfering." He then placed the Plaintiff back inside the car.

Inside the car, the Plaintiff begged Bloomberg to "do the right thing" because she knew that Gasparino had engaged in misconduct. Bloomberg told the Plaintiff, "That's not my job. He's my supervisor, [and] he's in charge."

The Plaintiff was taken to the police station, where he was charged with interfering with an officer, breach of peace, and possession of less than one-half ounce of marijuana. He was fingerprinted and searched, and his property was logged and placed in a storage locker. While the Plaintiff was waiting to be placed in a cell, Officer Jentz

searched his property in the locker without a warrant and found a wallet with multiple credit cards. Officer Doe had given Jentz a key to access the locker where the Plaintiff's property was kept. Jentz then arrested the Plaintiff for larceny, identity theft, and theft of a credit card.

The Plaintiff later learned that Gasparino had falsified his police report, stating that he saw the Plaintiff throw the marijuana, that he had walked away from the officers with two other individuals, and that he was disrespectful and threatening during the arrest. Gasparino also omitted several facts which the Plaintiff claims would show an illegal detention.

The Plaintiff was charged with violating his probation, in violation of Connecticut General Statutes § 53a-32. At his parole revocation proceeding, Gasparino lied under oath, testifying that he saw the Plaintiff throw the marijuana at the scene. On July 7, 2016, the Plaintiff was found to be in violation of his probation and was sentenced to four years in prison.[1]

**Discussion**

The Plaintiff claims that Gasparino and Bloomberg violated his Fourth Amendment protection against unreasonable searches and seizures by detaining, searching, and arresting him without probable cause or reasonable suspicion on April 2, 2016. He also claims that Jentz and Doe violated his Fourth Amendment protection by searching his property in the locker at the police station without a warrant.

The Fourth Amendment to the U.S. Constitution provides that "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable

---

[1] *See State v. Llewellyn*, No. S01S-CR15-0186671-S (Conn. Super. Ct. Oct. 6, 2015).

searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized." U.S. Const. Amend. IV. The Fourth Amendment requires government officials to obtain a warrant before conducting a search or a seizure, subject to several well-established exceptions. *U.S. v. Pagan*, No. 3:12-CR-267 (AVC), 2013 WL 3967641, at *2 (D. Conn. July 31, 2013). Police officers have constitutional authority to briefly detain a suspect when an officer has a reasonable suspicion that the suspect may be engaging in, or is about to engage in, criminal activity. *Id.* (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). The Court must examine the "totality of the circumstances" when deciding whether the police officers had an "articulable and objectively reasonable belief" sufficient to justify such a detention. *Id.*

A plaintiff may bring a Fourth Amendment claim under § 1983 for false arrest. *See Conroy v. Caron*, 275 F. Supp. 3d 328, 348 (D. Conn. 2017). "To state a valid claim for false arrest . . . under § 1983, a plaintiff must plead an unreasonable deprivation of liberty in violation of the Fourth Amendment and satisfy the state law elements of the underlying claims." *Henderson v. Williams*, No. 3:10-CV-1574 (MPS), 2013 WL 2149698, at *3 (D. Conn. May 16, 2013) (quoting *Walker v. Sankhi*, 494 F. App'x 140, 142 (2d Cir. 2012)). "Under Connecticut law, a plaintiff seeking to bring a . . . false arrest claim must furnish proof that the underlying charges were terminated in his . . . favor." *Id.* (citing *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011)). Specifically, the plaintiff must allege that "(1) the defendant initiated or continued criminal proceedings against [him]; (2) the criminal proceeding terminated in [his] favor . . . (3) the defendant acted without probable cause; and (4) the defendant acted with

malice." *Conroy*, 275 F. Supp. 3d at 348 (quoting *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009)). In addition, the plaintiff must allege a sufficient post-arraignment deprivation of his liberty to implicate the Fourth Amendment. *Doe v. Bridgeport Police Dept.*, No. 3:00-CV-2167 (JCH), 2000 WL 33116540, at *5 (D. Conn. Nov. 15, 2000) (quoting *Rohman v. N.Y. City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000)).

In this case, the plaintiff alleges that Gasparino and Bloomberg seized him while he was walking home in Stamford and searched his person without probable cause. The Plaintiff alleges that Gasparino, Bloomberg, and Jentz arrested him for interfering with an officer, breach of peace, possession of less than one-half ounce of marijuana, larceny, identity theft, and theft of a credit card. Although he does not clearly allege that these charges were dismissed, the Court cannot find any record of a conviction on any of these charges on the state judicial website. Construed liberally, the factual allegations support a claim of false arrest against Gasparino, Bloomberg, and Jentz.

To the extent the Plaintiff claims that his probation violation charge and subsequent finding of guilt is invalid based on Gasparino's filing of a false police report or false testimony, such a claim may not proceed. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the United States Supreme Court held that where a judgment in favor of a plaintiff would necessarily implicate the validity of his conviction or length of sentence, a cause of action under § 1983 is not cognizable unless the plaintiff can show that his underlying "conviction or sentence had been reversed on direct appeal, declared invalid by a state tribunal authorized to make such a determination, or called into question by the issuance of a federal writ of habeas corpus." The principle in *Heck* applies with equal force to a revocation of parole or probation. *See Washburn v. Sherry*, No. 3:15-CV-226

(RNC), 2016 WL 777890, at *2 (D. Conn. Feb. 26, 2016); *Morse v. Nelson*, No. 3:08-CV-1757 (SRU), 2010 WL 466157, at *3 (D. Conn. Feb. 9, 2010). Although the facts support an inference that the Plaintiff's probation violation was based on the April 2, 2016 arrest, he also alleges that the April 2 arrest resulted in other criminal charges for which he was not convicted. As stated above, the Court will permit the false arrest claims to proceed as to those charges for which he was not convicted. But any separate claim of false arrest or malicious prosecution related to the Violation of Probation proceedings are barred by *Heck* and are dismissed.

The Plaintiff's final claim is that Jentz and John Doe searched through his wallet, which was contained in a locker at the police station, without a warrant to do so. A plaintiff may bring a Fourth Amendment claim based on a warrantless search if he shows that he has a reasonable expectation of privacy in the property being searched. *Doe*, 2000 WL 33116540, at *4. The defendants will then have the burden of showing that the search was valid because it fell within one of the well-established exceptions to the warrant requirement. *Id.* One of those exceptions is an inventory search of an arrestee's property. *Id.*; *U.S. v. Mendez*, 315 F.3d 132, 137 (2d Cir. 2002). "Such searches are constitutional under the Fourth Amendment because they 'serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger.'" *Mendez*, 315 F.3d at 137 (quoting *Colorado v. Bertine*, 479 U.S. 367, 372 (1987)). Courts in this Circuit have held that the search and seizure of the contents of an arrestee's wallet is valid either as a search incident to an arrest or as an inventory search. *See U.S. v. Molina-Chacon*, 627 F. Supp. 1253, 1261 (E.D.N.Y. 1986); *U.S. Manzanilla-de-Jesus*, 507 F. Supp. 462, 466

(S.D.N.Y. 1981). However, because it is the Defendants' burden to prove the existence of such an exception, the Court will allow the Fourth Amendment claim against Jentz and Doe to proceed at this time.

In addition to damages, the Plaintiff also seeks a "declaratory judgment stating that the actions of [the Defendants] violated [his] rights under the Fourth Amendment to the United States Constitution, and the actions of . . . Gasparino violated the Fourteenth Amendment."[2] Declaratory relief operates prospectively to enable parties to adjudicate claims before either side suffers great damages. *See In re Combustion Equip. Assoc., Inc.*, 838 F.3d 35, 37 (2d Cir. 1998). In this case, the Plaintiff's request for declaratory relief only concerns past actions. He has not identified any legal relationships or issues that require resolution by declaratory relief. *See Ward v. Thomas*, 207 F.3d 114, 119-20 (2d Cir. 2000) (Eleventh Amendment bars declaration that state violated federal law in the past). Therefore, the request for declaratory relief is dismissed.

**Orders**

(1) The Fourth Amendment claims for false arrest and unlawful search may proceed against the Defendants in their individual capacities for damages.

(2) Within **twenty-one (21) days** from the date of this Order, the Clerk shall mail a waiver of service of process request packet containing the complaint and this Order to Gasparino, Bloomberg, and Jentz at the Stamford Police Department, 805 Bedford Street, Stamford, CT 06901. The Clerk shall report to the Court on the status of the waiver requests on the **thirty-fifth (35) day** after mailing. If any Defendant fails to return the

---

[2] The Plaintiff has not stated how Gasparino's conduct violated the Fourteenth Amendment. To the extent this claim is based on Gasparino's false police report or false testimony at the probation revocation hearing, it fails under *Heck*.

waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk shall send a courtesy copy of the complaint and this Order to the City of Stamford, Corporation Counsel, 888 Washington Boulevard, 9th Floor, Stamford, CT 06901.

(4) Because the Plaintiff has not identified John Doe by name, the Court is unable to effect service on him. Within ninety (90) days from the date of this Order, the Plaintiff shall file a notice with the Court with the correct name of this Defendant. Failure to file the notice will result in the dismissal of John Doe as a Defendant to this action.

(5) The Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Fed. R. Civ. P. 26-37, shall be completed within **six months (180 days)** from the date of this order. Discovery requests need not be filed with the Court.

(7) All motions for summary judgment shall be filed within **seven months (210 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a

dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If the Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the Plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The Plaintiff must give notice of a new address even if he is incarcerated. The Plaintiff should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of May 2019.

_____
Kari A. Dooley
United States District Judge